1  RONALD K. ALBERTS (SBN: 100017)
   A. LOUIS DORNY (SBN: 212054)
2  GORDON & REES LLP
   633 West Fifth Street, 52nd Floor
3  Los Angeles, CA 90071
   Telephone: (213) 576-5000
4  Facsimile: (213) 680-4470
   ralberts@gordonrees.com
5  ldorny@gordonrees.com

6
   Attorneys for Defendants
7  MANHATTAN INSURANCE GROUP and
   MANHATTAN LIFE INSURANCE COMPANY
8

9            UNITED STATES DISTRICT COURT

10       FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  KENNETH P. FEHL,                    )  CASE NO. CV 11-02688 LHK
                                        )
13                    Plaintiff,        )  **REPLY IN SUPPORT OF**
                                        )  **MANHATTAN INSURANCE**
14        vs.                           )  **GROUP AND**
                                        )  **MANHATTAN LIFE INSURANCE**
15  MANHATTAN INSURANCE GROUP;          )  **COMPANY'S MOTION TO**
    DOES 1 through 20,                  )  **DISMISS**
16                                      )
                                        )  Date:      January 5, 2012
17                    Defendants.       )  Time:      9:00 a.m.
                                        )  Courtroom: 3
18                                      )
                                        )
19  ────────────────────────────────── )

                    **INTRODUCTION**

20

21        Nothing in Plaintiff's Opposition to Defendants' Motion for Dismissal

22  presents any reason for the Court to deny Defendants' motion. Defendants argued

23  (1) that Plaintiff's claims are barred by the applicable statutes of limitations, (2)

24  that Plaintiff's claims against Defendant Manhattan Life Insurance Company[1] are

25  ────────────────────────────────────

26     [1] The pending motion to dismiss was filed on behalf of "Manhattan Life
    Insurance," mistakenly omitting "Company." The correct name of the defendant
27  appearing voluntarily to contest service is "Manhattan Life Insurance Company."
    This correction causes no prejudice to Plaintiff, who opposed the motion
    identifying the moving party correctly throughout his brief as "Manhattan Life
28  Insurance Company."

                              -1-
─────────────────────────────────────────────────────────
DEFENDANTS' REPLY IN SUPPORT              CV 11-02688 LKH
OF MOTION TO DISMISS

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1   uniquely and separately barred, as they fail to 'relate-back', and (3) that Plaintiff

2   failed to plead his claim for breach of oral contract with sufficient particularity,

3   requiring a more definite statement.

4       In opposition, Plaintiff makes only one argument as to the statutes of

5   limitations: Plaintiff claims survive by application of the so-called "discovery

6   rule," and did not accrue until he actually discovered the Defendants' breach. This

7   is not only a misstatement of the discovery rule, under which a plaintiff "discovers"

8   wrongdoing when he or she had or should have had reasonable suspicion of it, but

9   it also ignores the specific pleading requirements of the discovery rule. Plaintiff's

10  complaint failed to <u>plead</u> even a single fact that would entitle him to the protection

11  of the discovery rule, and Plaintiff thus cannot raise the rule as an excuse for his

12  delay in bringing this action.

13      Plaintiff also makes a single argument in opposition to Defendant Manhattan

14  Life Insurance Company's contention that his late amendment, adding Manhattan

15  Life Insurance Company as a party to the action, does not 'relate-back' to the filing

16  of the initial complaint. Plaintiff argues that his prior failure to name Defendant

17  Manhattan Life Insurance Company caused no prejudice, and is unnecessary as the

18  two parties are "in essence the same." Notably, Plaintiff does not claim that the

19  existence of Manhattan Life Insurance Company was previously *unknown* to him.

20  Nor can he credibly argue this point — in opposition to Defendants motion,

21  Plaintiff signed under penalty of perjury a declaration attaching August 14, 2000

22  correspondence from Manhattan Life Insurance Company, with that Defendant's

23  name conspicuously printed throughout that document.

24      Lastly, Plaintiff apparently concedes the failure to adequately allege his

25  claim for breach of oral contract. Instead, he supplied a confusing narrative of facts

26  which are absent from the pleadings.

27      As such, the Court should conclude that Plaintiff's complaint fails to state a

28  claim for which relief can be granted and, pursuant to Federal Rule of Procedure

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-2-

DEFENDANTS' REPLY IN SUPPORT                 CV 11-02688 LKH
OF MOTION TO DISMISS

1   12(b)(6), grant Defendant's motion to dismiss.

2                                    **ARGUMENT**

3

4   **I.      PLAINTIFF'S FAILURE TO FILE A TIMELY OPPOSITION BRIEF**

5           The failure to file an opposition to a motion to dismiss in the manner

6   prescribed by the Court's Local Rules qualifies as grounds for dismissal under

7   Federal Rule of Civil Procedure 41(b). (*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.

8   1995)).

9           Defendants' motions are now calendared for hearing on January 5, 2012.

10  Under Civil Local Rule 7-3, an opposition to a motion is due two weeks after the

11  motion is filed. Since Defendants filed their motions on July 25, 2011, Plaintiff's

12  opposition was due on or before August 8, 2011. Plaintiff failed to file an

13  opposition until December 13, 2011, more than fourth months late, despite a

14  written reminder — in the form of Defendants' August 15, 2011, "Notice of Non-

15  receipt of Opposition." (Dckt #23).

16          Self-represented Plaintiff Kenneth Fehl is listed as an active member of the

17  California bar, admitted in 1976, and no doubt familiar with the significance of

18  filing deadlines. Despite Defendants' express reminder, Plaintiff's Opposition brief

19  failed to explain or justify his four-month delay.

20          On this basis alone, this Court may exercise discretion to disregard the

21  Opposition and dismiss the action in its entirety. (*Ghazali* at 53; *Fox v. American*

22  *Airlines, Inc.*, (DC Cir. 2004) 389 F.3d 1291, 1294.)

23

24  **II.     THE "DISCOVERY RULE" DOES NOT EXCUSE PLAINTIFF'S**

25  **DELAY**

26          Plaintiff makes a single argument as to why his claims are not time-barred

27  by the applicable two and four-year statutes of limitation: Plaintiff argues that,

28  under the so-called "discovery rule," these limitations periods did not begin to

-3-

DEFENDANTS' REPLY IN SUPPORT                    CV 11-02688 LKH
OF MOTION TO DISMISS

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1    accrue until Plaintiff had actually discovered the notice of repudiation of the

2    insurance policy "sometime after" August 7, 2007. (Plaintiff's Opposition to

3    Defendant's Motion for Dismissal at 5:2-8 (filed Dec. 12, 2011) ("Opp.").) This

4    argument is erroneous.

5          The so-called "discovery rule" does not give Plaintiff an unlimited period to

6    sue — even if he could establish ignorance of the relevant facts. Contrary to

7    Plaintiff's contention, the "discovery rule" does not postpone accrual of a cause of

8    action until a plaintiff has actually discovered the relevant facts. Instead, courts

9    have interpreted the "discovery rule" to mean that a plaintiff "discovers" his or her

10   cause of action when "the plaintiff suspected or should have suspected" the

11   defendant's wrongdoing. (*Kline v. Turner*, 87 Cal. App. 4th 1369, 1374 (2001)

12   (citing *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110-11 (1988)). Thus, the statute

13   of limitations begins to run "when the plaintiff has notice or information of

14   circumstances to put a reasonable person on inquiry, or has the opportunity to

15   obtain knowledge from sources open to his investigation . . ." (*Gen. Bedding Corp.*

16   *v. Echevarria*, 947 F.2d 1395, 1397 (9th Cir. 1991) (applying California law); *see*

17   *also Kline*, 87 Cal. 4th at 1374.)

18         This interpretation of the "discovery rule" has further led courts to impose

19   the following requirement on plaintiffs seeking protection from the rule:

20              "The rule is that the plaintiff *must plead and prove the facts*

21              showing: (a) Lack of knowledge. (b) Lack of means of obtaining

22              knowledge (in the exercise of reasonable diligence the facts could

23              not have been discovered at an earlier date). (c) How and when he

24              did actually discover the fraud or mistake."

25         (*Gen. Bedding Corp.*, 947 F.2d at 1397 (emphasis in original)).

26   Plaintiff's complaint does not satisfy these pleading requirements, because he does

27   not allege that he was unaware of the alleged breach on August 4, 2006, nor does

28   he allege how and when he actually discovered the alleged breach.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

-4-

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1   Plaintiff now attempts to skirt his own pleadings by contradicting them—

2   without explanation—through a signed declaration: Plaintiff now believes that the

3   premium was not returned until "*on or after August 7, 2008*" for the unstated

4   inference that Plaintiff was without actionable knowledge of the alleged breach on

5   August 4, 2006. (Opp. at 3:5-16.) However, Plaintiff earlier alleged he was

6   "notified" of the alleged breach on August 4, 2006. As alleged in the operative

7   complaint, "*[o]n or about August 4, 2006, nearly nine months later, Defendants*

8   *notified Plaintiff that Defendants were refunding his premium payment of $1,064,*

9   *with their check no. 1110165841 dated August 2, 2006.*" The new facts evidence a

10  misunderstanding of the nature of a pleading requirement; for a plaintiff to take

11  advantage of the "discovery rule," he or she must expressly plead certain facts that

12  would support the application of that rule: lack of knowledge, lack of means of

13  obtaining knowledge, and how/when the breach was discovered.

14  For this reason alone, the Court should conclude that Plaintiff has failed to

15  state claims on which relief can be granted. See, e.g., *Adler v. Taylor*, No. CV 04-

16  8472-RGK, 2005 U.S. Dist. LEXIS 5862, at 13 (C.D. Cal. Feb. 2, 2005)

17  (dismissing a claim under Federal Rule of Civil Procedure 12(b)(6) and holding:

18  "The Complaint fails to allege any diligence on Plaintiffs' part, much less any

19  reasonable diligence. Thus, even if the discovery rule applied to this case, Plaintiffs

20  have still failed to state a claim.")

21

22  **III.   PLAINTIFF FAILED TO SUBMIT EVIDENCE OF VALID SERVICE**

23  **ON MANHATTAN LIFE INSURANCE COMPANY WARRANTING**

24  **DISMISSAL**

25  Plaintiff's argument that Defendant Manhattan Life Insurance Company

26  waived any defects in service by making a "general appearance" is incorrect. In

27  federal court, the proper procedural device to attack defects in service of process is

28  by motion under FRCP 12(b)(6), or in a defendant's responsive pleading. (*SWEC*

-5-

1 | *v. Wencke* (9th Cir. 1986) 783 F 2d 829, 832, fn. 3)

2 |     Where the validity of service is contested by Rule 12 motion, the burden is

3 | on plaintiff to establish the validity of service. William R. Schwarzer, et al.,

4 | *Federal Civil Procedure Before Trial*, § 9:148 (2006) (citing *Norlock v. City of*

5 | *Garland*, 768 F.2d 654, 656 (5th Cir. 1985); *Grand Entertainment Group, Ltd. v.*

6 | *Star Media Sales, Inc.*, 988 F2d 476, 488 (3rd Cir. 1993)).

7 |     Defendant Manhattan Life Insurance Company challenged Plaintiff's service

8 | of the complaint: Plaintiff failed to effect service whatsoever, as outlined in the

9 | moving papers. (Motion. 6:25-28,7:1-3). In opposition, Plaintiff effectively

10 | concedes service has not been accomplished on Defendant Manhattan Life

11 | Insurance Company, and instead argued service is unnecessary, as Manhattan

12 | Insurance Group and Manhattan Life Insurance Company "are in essence one and

13 | the same." (Opp. 6:12-13).

14 |     Due process requirements prohibit Plaintiff's argument that Defendants are

15 | "one and the same." A parent-subsidiary relationship does not itself make one

16 | corporation the agent for service of process of the other. Thus, service on parent

17 | Defendant Manhattan Insurance Group, effected by Plaintiff's *ex parte* order

18 | permitting service on the California Secretary of State, **does not** effect service on

19 | subsidiary Defendant Manhattan Life Insurance Company. For example, a

20 | dismissal for failure to name a corporate parent of Allied Signal Inc., was affirmed

21 | on appeal, holding that "the district court properly ruled that plaintiffs had failed to

22 | serve" the defendant within 120 days. (*Adams v. AlliedSignal General Aviation*

23 | *Avionics* (8th Cir.1996) 74 F.3d 882, 885. (8th Cir. Mo. 1996)  In reaching this

24 | conclusion, the Eight Circuit Court of Appeals noted "[t]he need to identify the

25 | proper corporate defendant is apparent to any practicing attorney," (*Id* at 886; see

26 | also *United States ex rel. Vallejo v. Investronica, Inc.* (WD NY 1998) 2 F.Supp 2d

27 | 330, 335)

28 |     Under Federal Rule of Civil Procedure 4(m), if service of process is not

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA. 90071

-6-

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS

CV 11-02688 LKH

1   accomplished within 120 days of the filing of the complaint, the district court in its

2   discretion may either dismiss the action without prejudice or order service within a

3   specified time. Fed. R. Civ. Proc. 4(m). However, if the plaintiff can show "good

4   cause" for an extension, the district court must extend the time for accomplishing

5   service. *Tyson v. City of Sunnyvale*, 159 F.R.D. 528, 530 (N.D. Cal. 1995).

6          Plaintiff, an active California attorney, failed to provide this Court evidence

7   of service on Defendant Manhattan Life Insurance Company, and *cannot* show

8   evidence of service within 120 days as required by Federal Rule of Civil Procedure

9   4(m).  Therefore, dismissal with prejudice of Defendant Manhattan Life Insurance

10  Company is required under Federal Rule of Civil Procedure 4(m), as discussed

11  more fully in section IV.

12

13  IV.    **PLAINTIFF'S CLAIMS AGAINST MANHATTAN LIFE**

14         **INSURANCE DO NOT RELATE BACK REQUIRING DISMISSALS**

15         1.  Federal Rules Bar Plaintiff's Claims For Failure to Relate Back

16         Under  federal  law,  as  Defendant  Manhattan  Life  Insurance  Company

17  discussed at length in its opening papers, absent a "mistake" in failing to name a

18  defendant in the original complaint under Rule 15(c)(3), there can be no relation

19  back. (See Motion to Dismiss. Br. 6-10.) In Opposition, Plaintiff argued that there

20  is  no  prejudice  to  Defendant  Manhattan  Life  Insurance  Company,  for  the

21  conclusion  that  this  Court  may  waive  application  of  the  Rules  of  Federal

22  Procedure.

23         However, the issue for determination is *mistake*, not prejudice. The Ninth

24  Circuit has held that plaintiffs cannot take advantage of Rule 15(c) where there was

25  no  mistake  of  identity,  but  only  a  conscious  choice  of  whom  to  sue.  (*See*

26  *Louisiana-Pacific Corp. v. ASARCO Inc*, 5 FD. 3d 431, 434 (9th Cir. 1993).

27         In ASARCO, the Court affirmed the district court ruling of summary

28  judgment against the appellant's ("ASARCO") third-party complaint that was filed

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANTS' REPLY IN SUPPORT                           CV 11-02688 LKH
OF MOTION TO DISMISS

after the applicable state law statute of limitations period had expired. ASARCO sold copper slag (a by-product of the copper smelting process) to a subsidiary of a company called IMP, under an agreement that the subsidiary would pay ASARCO a portion of the proceeds it received from re-selling the copper slag. The end-users of the copper slag, however, discovered that the copper slag caused heavy metals to leach into the ground water. The end-users then sued ASARCO for the environmental clean-up costs. ASARCO, in turn, filed a third-party complaint for indemnification and contribution against L-Bar Products, Inc., ("L-Bar"), alleging that it was the successor in interest to IMP. The district court dismissed L-Bar on the grounds that it was not the successor-in-interest to IMP. ASARCO later filed a motion to add IMP as a third-party defendant, but the statute of limitations against IMP had already expired. Although the district court granted ASARCO's motion for leave to add IMP as a third-party defendant, the district court ultimately granted summary judgment in favor if IMP based on the statute of limitations.

On appeal, the Ninth Circuit in ASARCO rejected ASARCO's argument that its third-party complaint against IMP should relate back to the date of its third-party complaint against IMP's alleged successor L-Bar, and held that ASARCO did not establish that it made a mistake of identify under Rule 15(c) in failing to sue IMP within the applicable statute of limitations. (*Id.* at 434-35.) The Ninth Circuit reasoned that,

> "ASARCO didn't make a mistake. *It knew who those parties were* and *made a mistake in who it determined it ought to sue* under the circumstances. The mistake under Rule 15(c) has to be as to identity, and there was no mistake as to identity of IMP...There was no mistake of identity, but rather a conscious choice of whom to sue."
>
> (*Id.* at 434-35)(emphasis added)

Here, Plaintiff was undisputedly aware of Manhattan Life Insurance Company when he filed his original complaint naming Manhattan Insurance Group

-8-

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

only. The December 12, 2011 Declaration of Kenneth P. Fehl in Opp. makes clear that at all relevant times he knew of the identities of both Defendants, but simply elected to exclude Manhattan Life Insurance Company from the original Complaint. (See Fehl Decl. ¶ 9 (stating under penalty of perjury that in 2000, Defendants "notified" him that the Manhattan Life Insurance Company was a Manhattan Insurance Group Company," and attaching a copy of letter as exhibit "C"). Having conceded in his declaration his knowledge of both these Defendants, Plaintiff cannot now argue that he was ignorant of the name of either of these Defendants.

2. <u>Should The Court Apply California State Law Relation Back Rules, Plaintiff's Claims Are Time Barred In Any Event.</u>

The general rule in California is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied *as of the date the amended complaint is filed*, not the date the original complaint is filed. (*McGee Street Prods v. Workers' Compensation Appeals Bd.*, 108 Cal. App. 4th 717, 724-25 (2003)). Section 474 of the California Code of Civil Procedure serves as an exception to this general rule by permitting the substitution of a new defendant for a fictitious Doe defendant named in the original complaint against whom plaintiff asserted a cause of action in the original complaint. *Id.* Section 474 provides, in relevant part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly. . . ." (Cal. Code Civ. Proc. § 474.)

To comply with this statute, and thereby fall within the exception to the general rule, a plaintiff must have been "genuinely" ignorant of the newly added defendant's identity at the time a plaintiff filed her original complaint. (*Taito v. Owens Corning*, 7 Cal. App. 4th 798, 802 (1992); see also *Scherer*, 64 Cal. App.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA. 90071

DEFENDANTS' REPLY IN SUPPORT                    CV 11-02688 LKH
OF MOTION TO DISMISS

1    3d at 840 ("Ignorance of the true name of the defendant should not be feigned.")).

2    The omission of the defendant's identity in the original complaint must be real and

3    not merely a subterfuge for avoiding the requirements of section 474. (*Id.*, *see also*

4    *Ingram v. Superior Court*, 98 Cal. App. 3d 483, 491 (1979). If a plaintiff cannot

5    satisfy this requirement, a new defendant may not be added after the statute of

6    limitations has expired. *Id.*[2]

7         Furthermore, a plaintiff should also identify the newly added, and previously

8    unknown defendant, specifically as a substitute for the previously named fictitious

9    defendant. *Ingram*, 98 Cal. App. 3d at 490-92. As one California court has held,

10   "[w]hile we recognize the Supreme Court's liberal attitude toward allowing

11   amendments of pleadings to avoid the harsh result imposed by a statute of

12   limitations, that attitude is not unfettered by reasonable requirements. Some

13   discipline in pleading is still essential to the efficient processing of litigation." *Id.*

14        As discussed, Plaintiff was not at all "ignorant of the name of a defendant"

15   when it filed its original complaint, *only* naming Manhattan Insurance Group. (Cal.

16   Code Civ. Proc. § 474.)  To the contrary, with respect to Manhattan Life Insurance

17   Company, the December 12, 2011 Declaration of Kenneth P. Fehl in opposition,

18   makes clear that at all relevant times, he knew of their identities, but simply elected

19   to exclude them from the original complaint. (*See* Fehl Decl. ¶ 9 (stating under

20   penalty of perjury that in 2000, Defendants "notified" him that "Manhattan Life

21   Insurance Company was a Manhattan Insurance Group Company," and attaching a

22   copy of letter as exhibit "C"). Plaintiff admitted knowledge of both Defendants,

23   and cannot now argue ignorance.

24        The operative First Amended Complaint failed to allege any additional facts

25   discovered between the filing of the original complaint and the First Amended

26   _____

27   [2] Accord *Stephens v. Berry*, 249 Cal. App. 2d 474, 477 (1967) ("The decided cases have made it clear that a plaintiff's ignorance, to satisfy the statute, must be genuine, that is, real and not feigned."); *Lipman v. Rice*, 213 Cal. App. 2d 474, 477

28   (1963) ("ignorance of the true names" must be "real and not feigned"); *Noble v. Merchants National Realty*, 248 Cal. App. 2d 48, 51 (1967).
                                            -10-

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

1    Complaint which would explain when and how Plaintiff "discovered" the identities
2    of Manhattan Life Insurance Company and its alleged role in the purported
3    wrongdoing. (*Scherer*, 64 Cal.App.3d at 841. ("Nowhere in any pleadings or
4    declarations did plaintiff ever say what new facts she discovered."))

5         Since Plaintiff knew the identities of both Defendants more than four years
6    ago; knew of his purported injury more than four years ago; failed to even assert
7    his original pleading for approximately four years; utterly fails to allege any facts
8    he supposedly learned about Manhattan Life Insurance Company between the
9    filing of his original complaint and the First Amended Complaint that may have
10   led him to attempt to replace "John Doe" defendants with the Manhattan Life
11   Insurance Company; and fails to allege expressly the substitution of "John Doe"
12   defendants he now claims, the Court should find that Plaintiff's claimed ignorance
13   under section 474 cannot be "genuine," and deny any relation-back argument.
14

15   **V.    PLAINTIFF CONCEDES NEED FOR A MORE DEFINITE**
16          **STATEMENT ON CLAIM FOR BREACH OF ORAL AGREEMENT.**

17        In apparent agreement with the Defendants' motion to dismiss the claim for
18   breach of oral agreement, Plaintiff does not offer any argument in opposition.
19   Instead, Plaintiff provides a narrative response of confusing factual assertions
20   which are not contained in the operative First Amended Complaint. (Opp. at 5:15-
21   26, 6:1-2.) Therefore, the Defendants' motion to dismiss should be granted as to
22   this count, requiring a more definite statement. (*McHenry v. Renne*, 84 F3d 1172
23   (9th Cir. 1996)).
24

25   **VI.   CONCLUSION**

26        Plaintiff did not state a viable claim against Defendants based on breach of
27   contract and breach of covenant of good faith and fair dealing because he failed to
28   file suit within the applicable statue of limitations. Accordingly, his complaint is

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-11-

DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS
                   CV 11-02688 LKH

1    barred. Moreover, due to the peculiar relation-back faults in adding Defendant

2    Manhattan Life Insurance Company in an untimely manner, any attempt to amend

3    the complaint as to Defendant Manhattan Life Insurance Company would be futile.

4         Plaintiff has also failed to state a viable cause of action for breach of an oral

5    agreement. Therefore, Defendants respectfully requests that its motion to dismiss

6    be granted on this ground as well.

7

8    Dated:  December 20, 2011                    GORDON & REES LLP

9

10

11                                               By:   /s/ A. Louis Dorny
                                                       Ronald K. Alberts
12                                                     A. Louis Dorny
                                                       Attorneys for Defendants
13                                                     Manhattan Insurance Group and
                                                       Manhattan Life Insurance
14                                                     Company

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

MALI/1070221/11334460v.1

-12-

DEFENDANTS' REPLY IN SUPPORT                          CV 11-02688 LKH
OF MOTION TO DISMISS

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1

## PROOF OF SERVICE

2

3    I am a resident of the State of California, over the age of eighteen years, and
not a party to the within action.  My business address is:  Gordon & Rees LLP, 633
4    West Fifth Street, 52nd Floor, Los Angeles, CA  90071.  On December 20, 2011, I
served a copy of the documents described as:
5

6    REPLY IN SUPPORT OF MANHATTAN INSURANCE GROUP AND
MANHATTAN LIFE INSURANCE COMPANY'S MOTION TO
7    DISMISS

8    VIA FACSIMILE:  by transmitting via facsimile the document(s) listed
above to the fax number(s) set forth below on this date before 4:00 p.m.
9
☒   VIA U.S. MAIL:  by placing the document(s) listed above in a sealed
10   envelope with postage thereon fully prepaid, in United States mail in the
State of California at Los Angeles, addressed as set forth below.
11

12   BY OVERNIGHT COURIER:  by placing a true copy thereof enclosed in
a sealed envelope, at a station designated for collection and processing of
13   envelopes and packages for overnight delivery as part of the ordinary
business practices of Gordon & Rees LLP described below, addressed as
14   set forth below.

15   VIA ELECTRONIC CASE FILING:  I filed electronically the
document(s) listed above, using the CM/ECF's electronic case filing
16   service.  Counsel of record is registered to file electronically with this
Court, and receive copies of the documents via e-mail from the court to
confirm filing.
17

18               SEE ATTACHED SERVICE LIST

19

20   I am readily familiar with the firm's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with the
21   U.S. Postal Service on that same day with postage thereon fully prepaid in the
ordinary course of business.  I am aware that on motion of the party served, service
22   is presumed invalid if postal cancellation date or postage meter date is more than
one day after the date of deposit for mailing in affidavit.
23

24   I hereby certify that I am employed in the office of a member of the Bar of
this Court at whose direction the service was made.
25

26   Executed on December 20, 2011, at Los Angeles, California

27                                   Mila Owen

28

-1-

**PROOF OF SERVICE**

<u>SERVICE LIST</u>

Kenneth P. Fehl, Esq.
Law Offices of Kenneth P. Fehl

736 East Meadow Drive
Palo Alto, CA 94303-4444
Tel:  (650) 856-3440
Fax:  (650) 856-0413

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

MALI/1070221/9888183v.1

**PROOF OF SERVICE**