UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| KENNETH FEHL, | ) | Case No.: 11-CV-02688-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION TO |
| v. | ) | DISMISS |
| | ) | |
| MANHATTAN INSURANCE GROUP; DOES 1 through 20, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Before the Court is Defendant Manhattan Life Insurance Company ("MLI") and Defendant Manhattan Insurance Group (individually, "MIG"; collectively, "Defendants") motion to dismiss the First Amended Complaint ("FAC"). ECF No. 19. Pursuant to Civil Local Rule 7-1(b), the Court deems Defendants' motion suitable for decision without oral argument. For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss with leave to amend.

**I.      BACKGROUND**

This lawsuit arises out of a dispute regarding a life insurance contract between Plaintiff Kenneth Fehl, an attorney proceeding pro se, and Defendants.[1] In May 1991, Fehl obtained two life insurance policies from Defendants. *See* FAC ¶¶ 4, 6. The first policy, ML91023160,

---

[1] As is discussed more fully below, there is a dispute regarding whether Manhattan Life Insurance is properly a Defendant in this action. Because Plaintiff and Defendants use the two entities interchangeably when discussing the insurance contract, *see generally* FAC, ECF no. 17; Mot. to Dismiss at 1-2, ECF No. 20, the Court will do the same here.

1

Case No.: 11-CV-02688-LHK
ORDER GRANTING MOTION TO DISMISS

conferred on Plaintiff a benefit amount of $250,000, with semi-annual premium payments of $1,064.00. FAC ¶ 4. The second policy, CN8800147, provided a benefit amount of $250,000 with quarter-annual premium payments of $502.50. FAC ¶ 6.

If Plaintiff failed to make a timely premium payment, Fehl usually received written notice from the Defendants that his insurance policy was in jeopardy of lapsing, and that he would have a grace period of sixty days to tender a premium payment. FAC ¶ 7. However, on October 13, 2005, without the customary notice or grace period to tender payment, Plaintiff received written notification that his ML91023160 policy had lapsed. FAC ¶ 8. On November 3, 2005 he spoke with an agent for the Defendants who instructed him to disregard the letter of October 13, 2005 if he tendered the premium payment of $1,064.00. FAC ¶ 9. Plaintiff tendered payment to MLI on November 17, 2005 for the full amount of the overdue premium payment. FAC ¶ 10. On April 16, 2006, Plaintiff authorized an insurance broker to "investigate the status of the insurance policy." FAC ¶ 11. On August 4, 2006, nearly nine months after tendering payment, Defendants notified Plaintiff that they were refunding his premium payment of $1,064. FAC ¶ 12. Plaintiff alleges that between 2006 and 2011, the insurance broker conducted negotiations with Defendants for the purposes of re-instating his life insurance policy. FAC ¶ 27. Plaintiff alleges that an oral agreement was reached allowing Plainitff's policy to be reinstated in exchange for a contribution of all premium payments from November 2005 forward. FAC ¶ 28.

On August 5, 2010, Fehl filed a complaint in Santa Clara County Superior Court against MIG only for contractual damages in the amount of $120,000. *See* ECF No. 1 ("Compl."). On April 19, 2011, Plaintiff obtained an order in state court directing service of summons on Defendant MIG by delivery of process to the Secretary of State of California. *See* Defendants' Request for Judicial Notice Ex. A, ECF No. 21.[2] On June 3, 2011, the case was removed to federal

---

[2] Defendants request judicial notice of the complaint filed in state court, the state court order directing service of summons and complaint on the Secretary of State, a letter from the Secretary of State of California to MIG regarding the service of summons and complaint, and the FAC filed in federal court. Plaintiffs have not opposed Defendants' Request for Judicial Notice. In ruling on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Each of the documents, with the exception of the letter sent to MIG from the Secretary of State, is a matter of public record "not subject to reasonable dispute [and] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Therefore, the

2
Case No.: 11-CV-02688-LHK
ORDER GRANTING MOTION TO DISMISS

court and reassigned from Magistrate Judge Grewal to District Judge Fogel on June 23, 2011. *See* ECF Nos. 1, 15. On July 8, 2011, Plaintiff filed a First Amended Complaint, adding Defendant MLI and alleging three causes of action: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; and (3) breach of oral agreement. ECF No. 17. On July 25, 2011, Defendants filed the instant motion to dismiss the FAC arguing that (1) Plaintiffs' breach of contract and breach of implied covenant of good faith and fair dealing claims are barred by the applicable statute of limitations; (2) the statute of limitations bars Plaintiff's claims against MLI; and (3) Plaintiffs' claim for breach of an oral agreement should be dismissed, or in the alternative, Plaintiff should be required to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). ECF No. 19. The case was reassigned to the undersigned judge on September 27, 2011. ECF No. 29. Plaintiff did not file an opposition to the motion to dismiss until December 13, 2011. ECF No. 37. Defendants filed their reply on December 20, 2011. ECF No. 40.

## II. LEGAL STANDARD AND DISCUSSION

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other

---

Court takes judicial notice of the documents, with the exception of the letter sent to MIG from the Secretary of State.

3

Case No.: 11-CV-02688-LHK
ORDER GRANTING MOTION TO DISMISS

facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). If amendment would be futile, however, a dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### A. Timeliness of the Opposition

Defendants first argue that the motion to dismiss should be granted because Plaintiff failed to timely file an opposition to Defendant's motion to dismiss. *See* Reply In Support of Motion to Dismiss ("Reply") at 3, ECF No. 40. The Defendants are correct that pursuant to Civil Local Rule 7-3(a), Plaintiff's opposition was due 14 days after the motion to dismiss was filed on July 25, 2011. ECF No. 19. Plaintiff's opposition, which was not filed until December 13, 2011, is untimely. ECF No. 37.

Although failure to follow a district court's local rules may be a proper ground for dismissal, before dismissing an action, a court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of [sic] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). In this case, the Court declines to exercise its discretion to dismiss the action in its entirety as is urged by Defendants. This would be a drastic remedy given that Plaintiff did file an opposition prior to the hearing on the motion with sufficient time for the Defendants to respond.

Although he is representing himself in this matter, Plaintiff is a practicing member of the California Bar and has been since 1976. All future filings must comply with the Federal Rules of Civil Procedure and the Civil Local Rules. Plaintiff is on notice that future failure to timely respond to motions or otherwise meet deadlines will result in the Court striking an untimely filing, or in dismissal of the action in its entirety.

### B. Breach of Contract Claim

Defendant argues that Plaintiff's breach of contract claim should be time barred by the applicable statute of limitations. The parties agree that in California, the statute of limitations for a breach of contract claim is four years. *See* Cal. Code Civ. P. § 337(1). According to the allegations in the FAC, Defendants breached the insurance contract upon informing Plaintiff that

4

Case No.: 11-CV-02688-LHK
ORDER GRANTING MOTION TO DISMISS

1 his premium payment was being refunded on August 4, 2006 after the Defendants had agreed to

2 accept his payment and continue coverage. FAC ¶¶ 12, 18. Plaintiff did not file suit until August

3 5, 2010 – four years and one day after Defendants' alleged breach had occurred. Therefore, based

4 on the allegations on the face of the complaint, it appears as though Plaintiff's breach of contract

5 claim is time barred.

6 However, California also applies the discovery rule to breach of contract claims. *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1039 (9th Cir. 2003). "The discovery rule may be applied to breaches which can be, and are, committed in secret, and moreover, where the harm flowing from those breaches will not be reasonably discoverable by plaintiffs until a future time." *Id.* (citations omitted). "Ultimately, the discovery rule permits delayed accrual until a plaintiff knew or should have known of the wrongful conduct at issue." *Id.* (internal citations and quotation marks omitted). In invoking the discovery rule, Plaintiff must plead and prove facts showing: (a) lack of knowledge; (b) lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date); (c) how and when he actually discovered the fraud or mistake. *Gen. Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1397 (9th Cir. 1991).

16 While Defendants are correct that Plaintiff's allegations, as they stand in the FAC, are insufficient to establish that the breach of contract claim accrued after August 5, 2006, Plaintiff has argued in his opposition that he did not have actual or constructive notice of the repudiation and breach until August 10, 2006. Plaintiff argues that while Defendants' letter was mailed on August 4, 2006, it was not postmarked until August 7, 2006, and he did not receive it until August 10, 2006. Under this argument, Plaintiff may be able to show that he did not have actual or constructive knowledge of the breach of contract until August 10, 2006 when he received the letter.

23 Defendants argue that Plaintiff cannot now contradict his own pleadings with a sworn declaration. Reply at 4-5. Although perhaps inartfully pled, Plaintiff's FAC does not preclude him from arguing that his breach of contract claim has been timely filed. In the FAC, Plaintiff alleges that "[o]n or about August 4, 2006, nearly nine months later, Defendants notified Plaintiff that Defendants were refunding his premium payment." FAC ¶ 12. This statement is not inconsistent with Fehl's argument that while the letter from Defendants was *dated* August 4, 2006, the letter

5

was not postmarked until August 7, 2006, and was not received by Plaintiff until August 10, 2006. Thus, although the Court GRANTS Defendants' motion to dismiss, it appears as though Plaintiff may be able to amend his complaint to establish that his claim is not time barred. In amending his pleading, Plaintiff should keep in mind the pleading and proof requirements for invoking the discovery rule: (a) lack of knowledge; (b) lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date); and (c) how and when he did actually discover the fraud or mistake. *Gen. Bedding Corp.*, 947 F.2d at 1397.

### C. Breach of Implied Covenant of Good Faith and Fair Dealing

Defendants also argue that Plaintiff's claim for breach of implied covenant of good faith and fair dealing is also time barred based on a two-year statute of limitations. A claim for the covenant of good faith and fair dealing has a two year statute of limitations when it sounds in tort, and a four-year statute of limitations if it sounds in contract. *Love v. Fire Insurance Exchange,* 221 Cal. App.3d 1136, 1144 (1990). "[W]here a case sounds both in contract and tort the plaintiff will ordinarily have freedom of election between an action of tort and one of contract." *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal. 2d 654, 663 (1958). In an action arising out of an insurance contract, whether a cause of action sounds in tort or in contract depends on the facts of the case and whether tortious elements predominate. *See Frazier v. Metropolitan Life Ins. Co.*, 169 Cal. App. 3d 90, 101 (1985).

In this case, it appears as though Plaintiff's theory of Defendants' breach of the covenant of good faith and fair dealing sounds in contract and a four year statute of limitations applies. For example, Plaintiff alleges that the parties had established a course of conduct which included a commitment to notify Plaintiff of a grace period during which he could tender overdue premium payments, and that Defendants breached that agreement by terminating his policy without allowing a grace period or giving notification. FAC ¶¶ 22-23. Moreover, Defendants' repudiation of the premium payment constituted a separate breach. FAC ¶ 24. Therefore, a four-year statute of limitations instead of a two-year statute of limitations applies to Plaintiff's breach of implied covenant of good faith and fair dealing claim.

1	Because the statute of limitations for the breach of contract claim and the breach of the

2	implied covenant and fair dealing claim are the same, Plaintiff's claim for breach of the implied

3	covenant of good faith and fair dealing is DISMISSED for the reasons explained above. However,

4	as explained above, Plaintiff may amend his complaint to plead facts to show that the discovery

5	rule applies and that his claim is not, in fact, time barred.

D.  Claims Against Defendant Manhattan Life Insurance Company

Defendants also argue that Plaintiff's claims against Manhattan Life Insurance Company should be dismissed because they are time barred and the relation back doctrine does not apply in this case. *See* Mot. to Dismiss at 6-7. Defendants argue that the claims against MLI are necessarily time barred because the FAC was filed July 8, 2011, more than four years after the alleged contractual breach was discovered in August 2006.

As a preliminary matter, the Court notes that California law applies to the question of relation back in this diversity action. *Lindley v. General Electric Co.*, 780 F.2d 797, 799-800 (9th Cir. 1986). "Under California law, a plaintiff who names a Doe defendant in his complaint and alleges that the defendant's true name is unknown has three years from the commencement of the action in which to discover the identity of the Doe defendant, to amend the complaint accordingly, and to effect service of the complaint." *Id.* at 799 (citing Cal. Civ. Proc. Code § 474).

A "party may only avail himself of the use of naming Doe defendants as parties when the true facts and identities are genuinely unknown to the plaintiff." *Ingram v. Superior Court*, 98 Cal. App. 3d 483, 492 (1979). The knowledge of the Plaintiff is tested at the time suit is filed. *Sobeck & Assocs., Inc. v. B&R Investments*, 215 Cal. App. 3d 861, 867 (1989). A plaintiff is entitled to employ § 474 even if the Plaintiff has constructive or legal knowledge of the identity. *General Motors v. Superior Court,* 48 Cal. App. 4th 580, 593-94 (1996). Generally, merely having the means to discover knowledge is irrelevant. *Id.* Actual knowledge is required. *Id.*

Defendants argue that the California relation back doctrine which allows an amendment of a Doe defendant, does not apply in this case because Fehl knew of the existence of MLI at the time he filed the initial complaint on August 5, 2010. Thus, Defendants argue that the decision not to include MLI in the original litigation was one of conscious choice and not of genuine ignorance.

7

Case No.: 11-CV-02688-LHK
ORDER GRANTING MOTION TO DISMISS

Based on the FAC, and concessions made by Plaintiff in his sworn declaration filed in support of his opposition to the motion to dismiss,[3] it appears as though Plaintiff was aware of Manhattan Life Insurance Company well before filing the original state court complaint. For example, Plaintiff admitted that he was notified that his insurance policy was with Manhattan Life Insurance Company as far back as 2000. *See* Fehl Decl. Ex. C. Thus, failure to add MLI to the original complaint was not the result of genuine ignorance of either MLI's existence, or its role in the contract dispute. Any argument that MLI was genuinely unknown to Plaintiff at the time of the filing of the complaint is therefore implausible. Accordingly, Plaintiff's claims against MLI for breach of contract and breach of the implied covenant of good faith and fair dealing do not relate back to the filing of the original complaint and are therefore time barred under the four year statute of limitations identified above. Defendants' motion to dismiss claims against MLI is therefore GRANTED.

However, as explained below, Plaintiff's claim for breach of an oral contract is so vague that it is difficult to discern what Plaintiff claims the allegedly breaching conduct is and when the breach occurred. Based on Plaintiff's opposition, Plaintiff may be claiming that the alleged breach occurred after June (or August) 2010. *See* Opp'n at 5 ("Only after the filing of the complaint but prior to the service of summons did Defendants repudiate the oral agreement alleging that five years had elapsed since the termination of the policy."). Therefore, Plaintiff may be able to state a claim against MLI for breach of an oral agreement within the limitations period. Accordingly, Plaintiff is granted leave to amend to state a claim against MLI with respect to the breach of oral agreement claim only.

### E. Breach of Oral Contract

---

[3] As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), overruled on other grounds, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). If a court relies on material outside of the pleadings, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In the event that a motion to dismiss is converted to a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion." *Id.* Here, Plaintiff has filed a sworn declaration admitting that he was notified that Manhattan Life Insurance Company was a Manhattan Insurance Group Company back in 2000. *See* Fehl Decl. ¶ 8; Ex. C. Because Plaintiff provided this information himself in support of the opposition to the motion to dismiss, the Court concludes that he has had a reasonable opportunity to present all material pertinent to the motion.

Finally, Defendants seek to dismiss the third cause of action for breach of an oral contract for failure to state a claim. In the alternative, Defendants request a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) for Plaintiff's breach of oral contract claim. *See* Fed. R. Civ. P. 12(e) ("A part may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.").

The Court agrees with Defendants that Plaintiff's claim is vague and confusing, and must be clarified should Plaintiff choose to file an amended complaint. Based on the FAC, it isn't clear what the factual basis for the breach of an oral agreement is. For example, although Plaintiff alleges that there was an oral agreement, it isn't clear what the agreement was, who entered into the agreement, when the agreement was entered into, or how Defendants breached the agreement. *See, e.g., Jackson Nat. Life Ins. Co. v. Gofen & Glossberg, Inc.*, 882 F. Supp. 713, 726 (N.D. Ill. 1995) (In a contract dispute, a more definite statement is required when the defendants only can guess to what conduct and contracts an allegation refers); *Moore v. Fidelity Financial Servs., Inc.*, 869 F. Supp. 557, 560-61 (N.D. Ill. 1994) (To survive a motion for a more definite statement on a contract claim, the plaintiff must recite the relevant agreement, the basic contents of the agreement, and the pertinent parties). Accordingly, any amended complaint should include sufficient allegations to give proper notice of the claim pursuant to Rule 8.

### III. CONCLUSION

Defendants' motion to dismiss is GRANTED with leave to amend in conformity with the reasoning in this Order. **If Plaintiff chooses to file an amended complaint, he must do so within 21 days of the date of this Order. Failure to do so may result in dismissal with prejudice.** The case management conference currently scheduled for January 5, 2012 remains as set.

**IT IS SO ORDERED.**

Dated: January 2, 2012

_____
LUCY H. KOH
United States District Judge

9

Case No.: 11-CV-02688-LHK
ORDER GRANTING MOTION TO DISMISS