UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH FEHL, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MANHATTAN INSURANCE GROUP; DOES ) <br> 1 through 20, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 11-CV-02688-LHK <br><br> ORDER DENYING MOTION TO DISMISS |

Before the Court is Defendant Manhattan Life Insurance Company ("MLI") and Defendant Manhattan Insurance Group (individually, "MIG"; collectively, "Defendants") motion to dismiss the Second Amended Complaint ("SAC"). ECF No. 50. Pursuant to Civil Local Rule 7-1(b), the Court deems Defendants' motion suitable for decision without oral argument. The hearing set for May 24, 2012 is VACATED. For the reasons set forth below, the Court GRANTS in part and DENIES Defendants' motion to dismiss.

**I.     BACKGROUND**

The relevant facts are set forth in the Court's January 2, 2012 Order granting Defendants' motion to dismiss with leave to amend, and will only be briefly summarized here. This lawsuit arises out of a dispute regarding a life insurance policy between Plaintiff Kenneth Fehl, an attorney proceeding pro se, and Defendants. In essence, Plaintiff alleges that MIG breached his life

1

Case No.: 11-CV-02688-LHK
ORDER DENYING MOTION TO DISMISS

insurance contract by refusing his premium payments and cancelling his life insurance policy in 2006.

The SAC also alleges breach of an oral agreement against both MIG and MLI for events arising out of Plaintiff's attempts to reinstate his cancelled life insurance policy. Plaintiff alleges that his agent, Martin Kilian, entered into an agreement with Defendants to reinstate his policy in the Fall of 2010. Plaintiff alleges that the terms of the oral agreement allowed him to pay back the missed premiums and that Defendants, upon receipt of the premiums, would re-instate the policy. He claims that on April 8, 2011, Killian "inquired with the defendants about the paperwork necessary to perform the oral agreement." SAC ¶ 32. Plaintiff further alleges that "at that time Defendants informed Kilian that Defendants would not honor that oral agreement between Plaintiff and Defendants" to reinstate the policy. *Id.*

On August 5, 2010, Plaintiff filed a complaint in Santa Clara County Superior Court against MIG only for contractual damages in the amount of $120,000. *See* ECF No. 1 ("Compl."). On June 3, 2011, the case was removed to federal court. *See* ECF Nos. 1. On July 8, 2011, Plaintiff filed a First Amended Complaint ("FAC"), adding Defendant MLI and alleging three causes of action: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; and (3) breach of oral agreement. ECF No. 17. On July 25, 2011, Defendants filed a motion to dismiss the FAC arguing that (1) Plaintiffs' breach of contract and breach of implied covenant of good faith and fair dealing claims are barred by the applicable statute of limitations; (2) the statute of limitations bars Plaintiff's claims against MLI; and (3) Plaintiffs' claim for breach of an oral agreement should be dismissed, or in the alternative, Plaintiff should be required to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). ECF No. 19. The Court granted Defendants' motion to dismiss for failure to state a claim, but granted leave to amend.

On January 30, 2012, Plaintiff filed a Second Amended Complaint alleging two causes of action: (1) breach of contract against MIG, and (2) breach of oral agreement against MIG and MLI. Defendants filed a motion to dismiss the SAC on February 16, 2012. ECF No. 50. MLI moves to dismiss the SAC in its entirety under Rule 4(m) because Plaintiff has yet to serve MLI with the summons and complaint. Additionally, Defendants move to dismiss Plaintiff's claim for breach of

2

an oral contract under Rule 12(b)(6), or in the alternative, to require Plaintiff to provide a more definite statement pursuant to Rule 12(e). Notably, Defendants have not moved to dismiss the breach of contract claim against Defendant MIG.

## II. LEGAL STANDARD AND DISCUSSION

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

### A. Motion to Dismiss Pursuant to Rule 4(m)

MLI moves to dismiss for failure to timely serve the summons and complaint pursuant to Rule 4(m). Federal Rule of Civil Procedure 4(m) requires that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The 120-day period for service began when MLI was added as an additional defendant on July 8, 2011. *See Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004). Pursuant to Rule 4(m), Plaintiff was required to effect service on MLI no later than early November 2011. Plaintiff does not contest that he has not served MLI with the summons and FAC or SAC and thus has not complied with Rule 4(m).

3

Case No.: 11-CV-02688-LHK
ORDER DENYING MOTION TO DISMISS

1    Plaintiff argues that MLI has waived any challenge to the service of process by appearing in
2    this action and participating in the litigation. Opp'n at 2-3. Rule 12(h) of the Federal Rules of
3    Civil Procedure provides that an objection to sufficiency of process is waived if not made in a
4    motion pursuant to Rule 12 or in a responsive pleading. *See United States v. One 1978 Piper*
5    *Cherokee Aircraft*, 91 F.3d 1204, 1208 (9th Cir. 1996). The filing of an appearance in a lawsuit
6    alone does not relieve plaintiff from executing proper service of process upon defendants. *See Kiro*
7    *v. Moore*, 229 F.R.D. 228, 230-31 (D.N.M. 2005). Similarly, attending conferences and
8    participating in discovery does not waive a defendant's right to service of process if the defendant
9    has timely objected. *Ayers v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996).

10   Admittedly, MLI did not reference Rule 12(b)(5) – the proper rule to challenge insufficient
11   service of process – in either its motion to dismiss the FAC, or in its motion to dismiss the SAC.
12   Nonetheless, in both motions, MLI raised the issue that it had not yet been properly served with the
13   summons and complaint.[1] *See* Mot. to Dismiss at 6-7, ECF No. 20; Motion to Dismiss SAC at 5-6.
14   This put Plaintiff on notice that MLI preserved its objection and that Plaintiff was required to effect
15   proper service. Thus, the Court finds that MLI has not waived its motion to dismiss for failure to
16   timely serve the summons and complaint.

17   Having found that Plaintiff failed to properly serve MLI within the 120-day period required
18   pursuant to Rule 4(m) and that MLI had not waived its objection, the Court must determine
19   whether to dismiss the complaint as to MLI or to grant an extension of time to serve the summons
20   and complaint. Pursuant to Rule 4(m), the Court must grant an extension of time to serve the
21   summons and complaint when the plaintiff shows good cause for the delay. *Mann v. Am. Airlines*,
22   324 F.3d 1088, 1090 (9th Cir. 2003). Additionally, the rule permits the district court to grant an
23   extension even in the absence of good cause, and even after the 120-day period has expired. *Id.*
24   Plaintiff does not contend, and the Court does not find, that Plaintiff has established good cause for
25   failure to timely serve MLI. Nonetheless, the Court must determine whether to exercise its
26   discretion and grant an extension of time to serve the summons and complaint.

---

[1] At the time MLI filed the first motion to dismiss, Plaintiff was still within the 120-day service period under Rule 4(m).

4

Case No.: 11-CV-02688-LHK
ORDER DENYING MOTION TO DISMISS

The Ninth Circuit has identified several factors that a district court may consider in determining whether to exercise its discretion to extend the time to serve the complaint beyond the 120-day service period.  For example, the Ninth Circuit has explained that the following factors may be weighed to determine whether the Court should exercise its discretion: (1) the length of delay, (2) the reason for the delay, (3) whether the defendant knew about the action, (4) prejudice to the defendant for failure to timely serve the complaint, (5) whether the complaint was eventually served, and (6) whether there is a statute of limitations bar if the complaint is dismissed.  *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

In this case, the Court exercises its discretion to extend the time for Plaintiff to serve MLI with the summons and complaint instead of dismissing the SAC without prejudice.  The length of the delay has been approximately 6 months beyond the Rule 4(m) period, and is attributable to Plaintiffs' mistaken belief that MLI had waived its objection.  Although Plaintiff's position was incorrect, it is not difficult to see why he took this position.[2]  MLI is represented by the same attorney as MIG, and the two corporate entities are related.  Moreover, it was not unreasonable for Plaintiff to fear that MLI may be game playing with respect to this issue.  Plaintiff asserts that MIG improperly rejected service of process of the state court complaint, requiring Plaintiff to obtain an order in state court directing service on MIG by delivery of process to the Secretary of State of California.  *See* Defendants' Request for Judicial Notice Ex. A, ECF No. 21; Fehl Decl. ¶¶ 11-12, ECF No. 38.  Additionally, MLI has known about the litigation, and has been able to participate in mediation and discovery.  Thus, it does not appear that MLI would be unduly prejudiced by allowing the Plaintiff additional time to serve the complaint.

Finally, the Court notes that granting an extension of time to serve the summons and complaint on MLI will promote judicial efficiency.  Because MLI is only named in the breach of oral contract claim, even if the complaint is dismissed, Plaintiff can refile and properly serve the SAC on MLI without a statute of limitations bar.  This is because Plaintiff alleges that the breach of the oral contract occurred on April 8, 2011.  California has a 2-year statute of limitations on

---

[2] In light of the Court's determination that Plaintiff's position with respect to the waiver of service of process was not wholly unreasonable, the Court declines Defendants' invitation to sanction Plaintiff pursuant to Rule 11.  Reply at 5, ECF No. 59.

1    breach of oral contracts, which means that the limitations period does not bar the breach of oral

2    contract claim until April 8, 2013.  *See* Cal. Code Civ. P. § 339.  Thus, even if the Court dismissed

3    MLI under Rule 12(m), Plaintiff could easily refile the SAC, obtain a summons and serve MLI.  A

4    second suit would be inefficient, as the same claim would be litigated in two different lawsuits.

5    Such a scenario would not promote judicial efficiency and is unnecessary in this instance.  Instead,

6    **Plaintiff must serve MLI with a summons and complaint within 30 days of the date of this**

7    **Order**.  Failure to do so will result in dismissal of MLI from this litigation.

           B.   Breach of Oral Contract

9         Defendants also seek to dismiss the second cause of action for breach of an oral contract.  In

10   the alternative, Defendants request a more definite statement pursuant to Federal Rule of Civil

11   Procedure 12(e) for Plaintiff's breach of oral contract claim.  *See* Fed. R. Civ. P. 12(e) ("A part

12   may move for a more definite statement of a pleading to which a responsive pleading is allowed

13   but which is so vague or ambiguous that the party cannot reasonably prepare a response.").

14        Under California law, "a contract requires parties capable of consent, the consent of those

15   parties, a lawful object, and sufficient consideration."  *ASP Props. Grp. v. Fard, Inc.*, 133 Cal.

16   App. 4th 1257, 1268–69 (2005) (citing Cal. Civ. Code § 1550).  In addition, for a contract "'to be

17   enforceable, a promise must be definite enough that a court can determine the scope of the duty[,]

18   and the limits of performance must be sufficiently defined to provide a rational basis for the

19   assessment of damages.'"  *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209 (2006) (quoting

20   *Ladas v. Cal. State Auto. Ass'n*, 19 Cal. App. 4th 761, 770 (1993)).

21        *Mutuality of Obligation and Existence of Contract*.  Defendants first argue that Plaintiffs'

22   allegations establish only that the parties were engaged in negotiations, and not that an agreement

23   was actually reached.  Mot. to Dismiss at 6, 9 ("Plaintiff's sparse allegations of an oral agreement

24   do not provide adequate facts" to demonstrate that an agreement was reached).  Defendants'

25   argument appears to ignore Plaintiff's specific allegation that "Kilian as agent for Plaintiff *entered*

26   *into an oral agreement* with Defendants."  SAC ¶ 31.  Moreover, the terms of the agreement

27   created mutual obligations for both parties.  According to the SAC, Plaintiff was allowed to pay

28   back the missing semi-annual premium installments and the Defendants were required to reinstate

6
Case No.: 11-CV-02688-LHK
ORDER DENYING MOTION TO DISMISS

the policy. *Id.* At the motion to dismiss stage, Plaintiff need not allege more to establish the existence of a binding contract. *Cf. Techsavies, LLC v. WDFA Mktg. Inc.*, C10-1213 BZ, 2011 WL 589809 (N.D. Cal. Feb. 10, 2011) ("[Plaintiff's] own testimony is enough to raise a triable issue regarding whether an oral contract existed and was breached.").

In support of their position, Defendants cite a Ninth Circuit case for the proposition that, without evidence of an affirmative act of acceptance on the part of Defendants, dismissal is warranted. *Engleman v. Gen. Acc., Fire & Life Assur. Corp.*, 250 F.2d 202, 209 (9th Cir. 1957). In *Engleman*, however, the plaintiff had discussed the terms of the contract with an insurance broker who was not an agent for the defendant, and who proceeded to mail the proposed terms to the defendant. *Id.* at 203. The defendants in *Engleman* had no direct contact with the plaintiff, and the question was whether the broker's promise, and the defendant's failure to deny the plaintiff's application for insurance, constituted an agreement. Here, Plaintiff alleges he reached a direct agreement with Defendants and provides the terms of the agreement. Mutual agreement between the parties – in the form of an offer and acceptance – is implicit in these allegations. As "contracts of insurance can be created orally in California," *id.* at 204, whether one was created here appears to be a question of fact that cannot be resolved at the motion to dismiss stage.

*Failure to Perform.* Although Defendants do not label it as such, their second argument appears to be that Plaintiff failed to perform a condition precedent and thus Defendants were not obligated to reinstate the insurance policy. Mot. at 7 ("As Plaintiff himself has alleged the terms of the oral contact, absent receipt of [the past-due] premiums, Defendants had no duty to reinstate the life insurance policy."); Opp'n at 6-7. If Defendants were not obligated to reinstate Plaintiff's policy until such time as Plaintiff tendered the premiums, that tender is a condition precedent to Defendants' performance.

It appears that Plaintiff attempted to satisfy the condition precedent to the contract, and was refused by Defendants. Defendants have the power to refuse Plaintiff's tender of a condition precedent, if that refusal is reasonable and in good faith. *Beverly Way Associates v. Barham*, 226 Cal. App. 3d 49, 55 (1990) ("The effect of a buyer's power to approve documentation required in a contract for the purchase of real estate is to give the buyer an option not to consummate the

7

purchase if it fails to meet the condition, at least so long as the buyer acts reasonably and in the exercise of good faith.") (internal citations omitted); *cf. Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 791 F.2d 1356, 1361 (9th Cir. 1986) ("Even where one party retains, by virtue of the contract, a right of approval or disapproval or a discretionary power over the rights of the other, such powers must be exercised within the parameters of the duty of good faith.") (internal citations omitted).

It is a factual question as to whether Defendants' refusal was reasonable and in good faith, such that Defendants properly refused Plaintiff's performance of the condition precedent. Plaintiff has alleged sufficient facts to infer that Defendants' refusal was not proper: Plaintiff alleged that his agent inquired with Defendants regarding the paperwork that was required to perform, and was told by Defendants that they would not honor the oral agreement. SAC ¶ 32. At this stage, because Plaintiff's performance was allegedly frustrated by Defendants' conduct, the motion to dismiss should not be granted in favor of Defendants. *See Barnhart Aircraft v. Preston*, 212 Cal. 19, 25 (1931); *see also Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 891 n.11 (9th Cir. 2010) ("conditions precedent 'are not favored by the law, and are to be strictly construed against one seeking to avail himself of them.'") (citations omitted).

Finally, to the extent that Defendants argue that Plaintiff has failed to meet the pleading standards of Rule 8,[3] the Court disagrees. Indeed, Defendants appear to advocate for the application of the heightened pleading standard required by Rule 9(b), which applies to fraud claims and is inapplicable here. *Compare* Mot. to Dismiss at 10 ("Plaintiff's pleadings fail to identify with any particularity (a) who made the oral statement(s) which formed the basis of the agreement now in breach, (b) what apparent or express authority was for each speaker; (c) what each person making the statement(s) actually said; (d) valuable consideration by Plaintiff, and (e) when each statement was alleged made."); *with Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (Rule 9(b) demands that "[a]verments of fraud must be accompanied by 'the

---

[3] To survive a motion for a more definite statement on a contract claim, the plaintiff must recite the relevant agreement, the basic contents of the agreement, and the pertinent parties. *See Moore v. Fidelity Financial Servs., Inc.*, 869 F. Supp. 557, 560-61 (N.D. Ill. 1994). Plaintiff has sufficiently pled these elements of the contract. Accordingly, the Court DENIES Defendants' request for a more definite statement.

8

Case No.: 11-CV-02688-LHK
ORDER DENYING MOTION TO DISMISS

who, what, when, where, and how' of the misconduct charged."). Instead, the Court finds that Plaintiff has alleged sufficient factual detail which, if accepted as true, "state[s] a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED. However, **Plaintiff must serve MLI with the summons and SAC within 30 days of the date of this Order**. Failure to do so will result in dismissal of MLI from this litigation

**IT IS SO ORDERED.**

Dated: May 18, 2012

_____
LUCY H. KOH
United States District Judge